## NALL v. ADAMS.

1. *Quere ?*—Where a writ issued on a promissory note dated two years previously, against W. E. N. and A. M. N., describing their connection thus, " who as partners signed as W. E. & A. M. N." is it a legal presumption that they were partners when the writ was sued out.

2. Although  service of process on  one partner is sufficient to bring in the firm where the partnership is continuing, yet the plaintiff is not bound to accept such service, but may require all the partners to be notified of the pendency of the suit.   If the plaintiff declares against all the members of the firm, he may discontinue as to those not served with process, and if he omits to take judgment against them, without a discontinuance in fact, a co-defendant against whom judgment was properly rendered, cannot avail himself of the irregularity on error.

Writ of error to the  Circuit Court of  Lowndes.

THIS was an action of assumpsit on a promissory note. The writ issued against all whose names are subscribed to the note, thus : " William E. Nall and Archibald M. Nall (who as partners signed as W. E. &. A. M. Nall,) and John P. Nall

and Allen Cochran, if to be found," &c. The sheriff made the following return : " Executed on W. E. & John P. Nall, 17th March, 1842, and not found as to the balance." The declaration is against all the persons sued but Cochran, as to whom the action is discontinued.

W. E. Nall and John P. Nall appeared and pleaded, the former, his certificate of discharge under the late bankrupt law of the United States ; the latter rested his defence upon upon the *general issue.* The jury returned a verdict in favor of W. E. and against J. P. Nall, and judgment was rendered accordingly. There was no appearance for A. M. Nall, and in none of the proceedings subsequent to the declaration, is he noticed.

N. Cook, for the plaintiff in error, contended, that the service of the process on one partner, was, under the statute a service on all; but if this were otherwise, A. M. Nall was declared against, and there should have been a judgment by default rendered against him. The failure thus to proceed, operated a discontinuance *in toto.*

Gilchrist, for the defendant in error, conceding that W. E. & A. M. Nall were sued as partners, and yet it was competent for the plaintiff below, upon ascertaining that such was not the relationship between the parties, to discontinue as to the one not served with process, at any time. In such case, it is even made the duty of the Court, to discontinue as to the party who, it appears, is not a partner. [Clay's Dig. 324; Wheeler, et al. v. Bullard, 6 Porter's Rep. 352.]

Where it is allowable to discontinue, the judgment will not be reversed, because the discontinuance is not noted in the declaration, or elsewhere in the record. [Oliver v. Hutto, use, &c., 5 Ala. Rep. 211.]

Again : W. E. Nall pleaded for himself alone, and severed the contract if it was joint, and the plaintiff might, either before, or after judgment, have discontinued as to A. M. Nall, without affecting J. P. Nall. [1 Peter's Rep. 46; 11 Id. 86–98; 16 Id. 303; 3 Ala. Rep. 712.]

COLLIER, C. J.—It may be questioned, whether the writ and declaration so alledge a continuing partnership, between

Nall v. Adams.

W. E. & A. M. Nall, as to make the service of process on one, service on both.  The note on which the action was founded, is alledged to have been made near two years previous to the commencement of the suit, and they are described as having signed it as partners, without averring that they were thus connected when the writ issued.  Now, may not this have been true, and yet the partnership have ceased to exist before the action was instituted?

But let it be conceded that W. E. & A. M. Nall are charged as partners at the time the process issued, and it may then be asked, whether the plaintiff was bound to consider the service on one, effectual to bring both of them in Court.  We think he was not bound thus to treat it, but could require both of the supposed partners, to be personally notified of the pendency of the action.  This might be a measure of prudence, as by bringing them thus before the Court, the fact of partnership, if controverted or doubted, could be speedily settled, and all pretence for resorting to Chancery, upon an allegation of the want of notice, would be taken away.  Having declared against A. M. Nall, even supposing he had been served with the writ, or that the service of W. E. Nall, was sufficient to bring him in, we think the plaintiff was not bound to proceed to judgment against him, if he became satisfied that he was not a partner, or wished to disavow the efficacy of the service. The Circuit Court on motion, should have allowed the plaintiff to discontinue his action against A. M. Nall, or strike his name from the declaration; and the failure thus to proceed is not an omission of which the plaintiff in error can avail himself.

In Oliver v. Hutto, 5 Ala. Rep. 211, we held, that where a writ is sued out against two joint makers of a promissory note, and served on one only, but the plaintiff declares against both, it is not necessary to enter a discontinuance on the record, or to the party not served with process; if no judgment is rendered against him, this, in legal effect, is a discontinuance, and the judgment against the defendant before the Court will be regular.  [See also Wheeler, et al. v. Bullard, 6 Porter's Rep. 352.]  The cases cited are conclusive in principle, to show, that a discontinuance in fact is not necessary.

It follows, from what has been said, that the judgment of the Circuit Court must be affirmed.