## LANGDON vs. WILLIAMS.

1. In assumpsit against the endorser of a note not payable in bank, it its erroroneous to render judgment by default without the intervention of a jury, either under the common counts, or a special count which contains no averment of suit against the maker, and no allegation dispensing with the necessity for such averment.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBRONS.

ASSUMPSIT, by Williams against Langdon, as endorser of a note for $60, made by one Landman, and payable to defendant. The declaration contained the common counts and a special count on the endorsement. Judgment by default was rendered, without the intervention of a jury, "for $63, the damages due by the promissory note declared on."

P. HAMILTON, for plaintiff in error.

CHILTON, C. J.—Williams declared against Langdon as endorser of a promissory note for $60 made by one Joseph Landman, adding the common counts in the declaration. There is no averment of any suit against the maker of the note, nor is there any allegation dispensing with the necessity for such averment. Judgment was rendered by default for $63, "damages due by the promissory note declared on, &c." without the intervention of a jury.

This judgment cannot be supported upon the first count, because that sets forth no legal ground of action, and is manifestly bad. Sims v. The Central Bank of Georgia, 2 Ala. Rep. 294; Ryland v. Bates, 4 ib. 342. The judgment entry shows that the recovery was upon that count. But if we

44

refer it to the common counts, it was necessary that a jury should have passed upon the facts to be proved, in order to entitle the plaintiff to a recovery upon the note. If it had been mercantile paper, the law requires that the signature of the maker and of the endorser should have been proved, and these questions of fact were for the jury. 4 Por. 515; 5 ib. 154. A *fortiori*, should a jury have come, when to these are superadded the conditions imposed by the statute as pre-requisites to a recovery.

As the judgment cannot be supported by referring it to either count, it is erroneous, and must, therefore, be reversed, and the cause remanded.