## PORTER *vs.* BURLESON & DAVIS.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *When judgment final may be rendered without jury.*—In an action on an open account for goods sold and delivered, and to recover money paid by plaintiff for defendant, the court is not authorized to render judgment final by default, or *nil dicit,* without the intervention of a jury.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. S. D. HALE.

THE complaint in this case, and the judgment of the court, are as follows :

"The plaintiffs, as late partners in trade under the firm name of Burleson & Davis, claim of the defendant $485 02, due from him by account on the 1st January, 1857 ; also, the like sum, for goods, wares and merchandize, sold by plaintiff to defendant in the year 1856, and due on the 1st January, 1857 ; and the like sum for money paid by plaintiffs for defendant. and at his request ; which sums of money, with the interest. thereon, are now due."

"Came the parties, by their attorneys ; and the defendant now withdraws his plea by him heretofore pleaded, and now says nothing in his defense.   It is therefore considered by the court; that the plaintiffs have and recover judgment against the said defendant, for the sum of $482 83 damages, together with their costs in this behalf expended."

It is now assigned as error, that the court had no authority to render judgment final without the intervention of a jury.

B. F. PORTER, for appellant.

A. J. WALKER, C. J.—The action in this case was not "founded on any instrument of writing ascertaining the plaintiff's demand."   The rendering of a judgment final, without the intervention of a jury, was not authorized by the statute ; and, upon a principle repeatedly announced in this court, such action on the part of the court below was erroneous.—Code, § 2366 , *Moreland v. Ruffin,* Minor, 18 ; *Philips v. Malone, ib.* 110 ; *Byrne v. Harris, ib.* 286 ; *Petigrew v. Petigrew,* 1 Stew. 850 ; *Chapman v. Arrington,* 3 Stew. 480 ; *Kennon v. McRae,* 3 St. & P. 249 ; *Amason v. Nash,* 24 Ala. 279 ; *Beville v. Reese,* 25 Ala. 451 ; *Connoly v. Ala. & Tenn. Rivers Railroad Co.,* 29 Ala. 373.

Reversed and remanded.