# Warwick *et al. v.* Brooks.

*Motion for Summary Judgment against Sheriff for Failure to Return Execution.*

1. *Summary judgment ; error to render against sheriff for failing to return execution without the intervention of a jury.*—A motion for a summary judgment against a sheriff for failing to return an execution, is not an "action founded on a written instrument ascertaining the plaintiff's demand," and it is error in such a motion, to render a final judgment by default against the defendant, without the intervention of a jury, and without the introduction of evidence to establish his liability for the alleged neglect of duty.

APPEAL from Perry Circuit Court.
Tried before Hon. G. H. CRAIG.

This was a motion made by W. M. Brooks against J. F. Warwick, sheriff of Talladega county, and the sureties on his official bond, for a summary judgment for the failure to return an execution. The judgment entry, after reciting the issuance of the execution, and the failure of the appellant to return it, continues as follows : "Said motion being heard, and considered by the court, is this day granted, and the said defendants (naming them) being called to come into court, come not, but make default. It is therefore considered by the court that the plaintiff recover of the defendants, the sum of seventy-two dollars, the damages in the premises,

[Talladega Ins. Co. v. Peacock, Adm'r.]

together with the costs in this behalf expended, for which let execution issue." The errors assigned are the rendition of the judgment by default, without the intervention of a jury, and without the introduction of evidence to establish the liability of the defendant for failing to return the execution.

GEO. F. MOORE, and TAUL BRADFORD, for appellants.

JOHN MOORE, for appellee.

SOMERVILLE, J.—This is a summary motion against the sheriff and his sureties for failing to return an execution within the time required by law. The Circuit Court rendered judgment final by default, on motion of plaintiff, without the intervention of a jury. The assignment of error based on this action of the court must be sustained. The motion is not an "action founded on any instrument of writing ascertaining the plaintiff's demand," within the meaning of section 3022 of the Code. There should have been evidence introduced to establish the truth of the statements, showing the liability of the defendants for the alleged neglect of duty. The issue in dispute could only be determined by the verdict of a jury, and was improperly adjudged by the court.—*Porter v. Burleson*, 38 Ala. 343 ; *Patterson v. Blakeney*, 33 Ala. 338 ; *Byrnes v. Haynes*, Minor. 286 ; 2 Brick. Dig., p. 135 ; § 61, *et seq.*

The judgment of the Circuit Court is reversed, and the cause is remanded.