# Greer & Walker, *et al.*, *v.* Liipfert-Scales Co.

## *Assumpsit.*

(Decided June 30th, 1908. 47 South. 307.)

1. *Action; Partnership; Complaint.*—Where the summons sets out the individual names of the persons composing the firm, and the complaint speaks of "the plaintiff as aforesaid," the summons and complaint being upon the same paper, and being served upon the defendants together, it sufficiently appears that the suit was by the individuals composing the firm, and not by the partnership alone.

2. *Same; Discontinuance; Partners.*—Where two or more persons are sued and service is perfected as to one, the plaintiff may proceed to judgment against the one served, without discontinuing as to those not served, or may take a continuance and alias summons.

3. *Judgment; Default Judgment; Proof Necessary.*—Where the action is upon open account, a judgment by default cannot be properly rendered without the execution of a writ of inquiry, or showing that the statute had been complied with, although it was stated at the end of the complaint that the account is verified by affidavit, but does not state that the same was on file.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. Pearce.

Action by Liipfert Scales Co. v. Greer and Walker, and others, in assumpsit. Judgment by default for plaintiffs, and defendants appeal. Reversed and remanded.

Albert E. Pace, for appellants. Appeal is the remedy to correct the error committed in rendering judgment by default against a defendant in cause which had

been discontinued.—*Curtis v. Gaines,* 46 Ala. 455; *Slade v. Street,* 77 Ala. 576; *Jones v. Englehardt,* 78 Ala. 505. A discontinuance was worked in this case by proceeding to judgment without service upon Walker.—Authorities supra. Code 1896, sec. 42. The judgment did not show a writ of enquiry executed, or that the statute had been complied with.—*Goodwater Warehouse Co. v. Street,* 137 Ala. 625; Acts 1898-99, p. 225.

W. O. MULKEY, for appellee. The names of the individual members of the partneship were sufficiently set forth to make it a suit by them.—*Seymorc v. Harrow Co.,* 81 Ala. 250; *Landford v. Patton,* 44 Ala. 584; *Simmons v. Tiche Bros.,* 102 Ala. 317.

SIMPSON, J.—This was a suit by the appellee against the appellants, and the judgment was by default. From the summons and complaint, as set out in the statement of this case, it appears that the names of the partners composing the plaintiff firm are set out in the summons, and the complaint states the plaintiff to be "Liipfert-Scales Co., a partnership, as aforesaid." The first insistence of the appellants is that as the names of the partners plaintiff are not set out in the complaint, and a partnership cannot sue as such without the individual names, the judgment by default is without force. In the cases in which it has been held that a judgment by default is erroneous, on account of the failure to set out the individual names of the partners, it is stated that said names "nowhere appear in the record."—*Simmons et al. v. Titche Bros.,* 102 Ala. 317, 14 Southt. 786; *Lanford v. Patton, Donogan & Co.,* 44 Ala. 584; *Moore v. Watts & Sons,* 81 Ala. 261, 265, 2 South. 280. In the last-named case the court says: "We need not decide whether mentioning the names of the individ-

ual partners in the summons would or would not be sufficient, when all mention of them is omitted in the complaint. In another case it was said that the objection that the suit (which was an action of detinue) was instituted in the name of the partneship, and not in the names of the members, "is bad for two very good reasons, either of which is sufficient. In the first place, the names of the members * . * * are set out in the detinue affidavit, in the summons and in the caption of the complaint. This complied fully with the requirements as to the bringing of suits by a partnership."— *Foreman v. Weil Bros.*, 98 Ala. 497, 12 South. 815; *Hatcher v. Branch & Co.*, 141 Ala. 410, 37 South. 690. Under our system of pleading, the complaint follows the summons on the same paper, and both are served upon the defendant at the same time. We hold that in this case the names of the individual members of the plaintiff firm sufficiently appear.

The next insistence is that, as the suit was against P. E. Greer and J. H. Walker, "late partners," etc., and Walker not being served with process, the plaintiff "had his election to discontinue as to Walker and proceed to judgment against Greer, or to continue as to each of the defendants, and take an alias summons as to Walker," in accordance with section 42 of the Code of 1896, and that, inasmuch as no order of discontinuance was made as to Walker, the judgment against Greer was erroneous. A sufficient answer to this proposition is that it is not necessary to enter any order of discontinuance as to the party not served. If no judgment is rendered against him, this is, in legal effect, a discontinuance as to him.— *Oliver v. Hutto*, 5 Ala. 211; *State v. Hinson, et al.*, 4 Ala. 671, 673; *Nali v. Adams*, 7 Ala. 475, 477; 14 Cyc. 457.

[Ebersole v. Addington.]

This suit was on an open account, and although it is stated at the end of the complaint that "the account is verified by affidavit," but does not state that the same is on file, yet the judgment is rendered without stating that the statute has been complied with, or that a writ of inquiry was executed. This was error.—Acts 1898-99, p. 225; *Byrne v. Haines*, Minor, 286; *Porter v. Burleson*, 38 Ala. 343; *Rhea v. Holston Salt & Plaster Co.*, 59 Ala. 182; *Warwick et al. v. Brooks*, 67 Ala. 252; *Manhattan Fire Ins. Co. v. Fowler & Co.*, 76 Ala. 372.

The judgment is reversed, and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.