# Parsons Lumber Co. *v.* West-Steagall G. & M. Co.

## *Assumpsit.*

(Decided Dec. 16, 1909. 50 South. 1034.)

*Judgment; Default; Proof of Cause of Action.*—Where a judgment by default is entered upon a complaint based upon an itemized sworn statement of the account, and the judgment entry states that it is ordered, etc., that plaintiff have and recover of the defendant upon a verified account a named sum, the judgment not stating that it was entered upon an account verified by the affidavit of a competent witness was erroneous. (Section 3971, Code 1907.)

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Assumpsit by the West-Steagall Grain & Milling Company against the Parsons Lumber Company. Judgment by default was entered and from this judgment defendant appeals. Reversed and remanded.

COLEMAN, DENT & WEIL, for appellant.—The court erred in the rendering of the judgment, in this case, as

it fails to show or state that any of the requirements of sec. 3971, Code 1907, were complied with.—*Grier et al. v. Liipfert S. Co.*, 47 South. '307.

FRED S. BALL, and A. C. SMITH, for appellee.—Presumptions on appeal will be indulged as to the regularity of judgments.—3 Cyc. 300, 308, 310 and 322.

SIMPSON, J.—The suit in this case, by the appellee against the appellant, is on an open account, and at the foot of the complaint is the statement: "This suit is based upon an itemized sworn statement of account." Judgment by default was taken, and the amount ascertained by the court without a writ of inquiry; the judgment entry stating that "plaintiff have and recover of the defendant, upon a verified account, the sum of $253.20."

We have held that under this statute, in a case wherein it was stated, at the end of the complaint, "The account is verified by affidavit," and in which the judgment entry did not state that the statute had been complied with, a judgment by the court without a writ of inquiry was erroneous.—*Greer & Walker et al. v. Liipfert Scales Co.*, 156 Ala. 572, 47 South. 307. The only authority for dispensing with the writ of inquiry is section 3971 of the Code of 1907, and we must presume that each of the requirements therein laid down was deemed material by the Legislature, to wit: The plaintiff "shall file * * * an itemized statement of account, verified by the *affidavit of a competent witness, made before and certified by an officer having authority under the laws of this state to take and certify affidavits,"* unless there are depositions on file that prima facie prove the correctness of the account. It will be noticed that neither in the statement at the end of

the account nor in the judgment entry is there any intimation of a compliance with that part of the statute which we have italicized.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD ,JJ., concur.