# Coats, Sheriff, *v.* M. J. Elkan & Co.

## *Assumpsit.*

(Decided December 19, 1912. Rehearing denied February 14, 1913. 60 South. 941.)

1. *Appeal and Error; Appeal Bond; Waiver.*—A joinder in error is a submission by the appellee to the jurisdiction of the appellate court and amounts to a waiver of an appeal, and of any steps required to effectuate it, and hence, it was waiver of any insufficiency of the appeal bond.

2. *Judgments; Default; Requisites.*—The judgment in this case examined and held to show a prior filing in the court of an itemized statement of the account sued on, verified by the affidavit of a competent person, made before and certified by an officer having authority to take and certify affidavits as prescribed by section 3971, Code 1907, and hence, entitling the court to enter judgment without submitting a writ of inquiry to the jury.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Assumpsit by M. J. Elkan & Company against E. P. Forwood, revived on the death of defendant in the name of C. A. Coats, sheriff, as administrator. From a judgment for plaintiff, defendant appeals. Affirmed.

The appeal is on the record from a judgment by default. The judgment recited, after the usual formula, for judgments by default, "is therefore considered and adjudged that the plaintiff have judgment against the defendant (naming them both) on verified account filed

with the clerk, verified by the affidavit of a competent person as required by law, for the sum of $319.46." The errors complained of are that the court erred in rendering judgment without first having rendered a judgment by default against the defendant, and erred in rendering judgment against defendant without a writ of inquiry.

WILSON & TUCKER, and GOODWIN & MCINTYRE, for appellant. The judgment is void for non-compliance with the statute.—Section 3971, Code 1907; *Parsons L. Co. v. West-Stegall G. & M. Co.*, 163 Ala. 594; *Greer & Walker v. Lüpfert S. Co.*, 156 Ala. 572. See also in this same connection *Doe v. Whitman*, 36 Ala. 604; *Diston v. Hood*, 83 Ala. 331; *Myer v. Keith*, 99 Ala. 519. Having joined in the assignment of error appellee waived any insufficiency in the appeal.—*Thompson v. Lea*, 28 Ala. 453; *Myers v. Segars*, 41 Ala. 383.

T. J. BEDSOLE, and MARTIN & MARTIN, for appellee. The appeal should be dismissed as the appeal bond was insufficient.—Section 2872, Code 1907; *Fayette County v. Ernest*, 123 Ala. 631. The judgment was sufficient to show that the account was duly verified by affidavit of a competent person so as to relieve the court of the necessity of submitting an inquiry to the jury.—Sections 3970 and 3971, Code 1907; *Sullivan v. Brushagle*, 111 Ala. 114; *Lunsford v. Butler*, 102 Ala. 403; *Elyton v. Morgan*, 88 Ala. 434.

WALKER, P. J.—The motion of the appellee to dismiss the appeal because of an alleged insufficiency of the appeal bond must be overruled, as before it was made he had already joined in the appellant's assignment of error. A joinder in error is an unequivocal act

implying a submission by the appellee to the jurisdiction of the appellate court, and amounts to a waiver of an appeal and of any of the steps required to effectuate it.—*Thompson v. Lea,* 28 Ala. 453; *Myers v. Segars,* 41 Ala. 385.

The recital of the judgment entry as to a "verified account filed with the clerk, verified by the affidavit of a competent person as required by law for the sum of $319.46." fairly imports a finding by the court of the existence of the fact that there was on file in the court an itemized statement of the account sued on, verified by the affidavit of a competent witness, made before and certified by an officer having authority under the laws of this state to take and certify affidavits, which, under the provision of section 3971 of the Code, dispensed with the neecssity of executing a writ of inquiry to ascertain the amount of the judgment taken by default. In this respect the recital was materially different from the one in the case of *Parsons Lumber Co. v. West-Steagall G. & M. Co.,* 163 Ala. 594, 50 South. 1034, which was held to be insufficient to show the existence of authority in the court to render judgment by default without a writ of inquiry. We are of opinion that the judgment in the instant case sufficiently shows the existence of the fact which, under the statute, entitled the court to enter judgment by default, without the intervention of the jury, and that the judgment is not erroneous because of a non-compliance with the statute just referred to.

Affirmed.