(77 South. 391)

Ex parte FLORIDA NURSERY & TRADING CO.

FLORIDA NURSERY & TRADING CO. v. WATSON.

(4 Div. 750.)

(Supreme Court of Alabama. Dec. 20, 1917.)

1. DAMAGES ⬥199 — ASSESSMENT ON DEFAULT—JURY—ACTION ON ACCOUNT.

Under Code 1907, § 3971, providing that in all actions on open or stated account if judgment is taken by default, and plaintiff files an itemized and verified statement of the account, or where there are depositions on file that prima facie prove the correctness of the account, no writ of inquiry shall be necessary, but the court may ascertain the amount due, and render judgment accordingly without a jury, where plaintiff demanded trial by jury as provided by Acts 1915, p. 824, on defendant's default the court erred in not directing a writ of inquiry to a jury to ascertain the amount of the account where there was no documentary evidence as to the amount.

2. DAMAGES ⬥199 — ASSESSMENT ON DEFAULT — SUBSTANTIAL COMPLIANCE WITH STATUTE.

If the record proper does not show a substantial compliance with Code 1907, § 3971, justifying final judgment in case of default

only in certain cases without a writ of inquiry to the jury to ascertain the amount, the judgment must be reversed on appeal.

3. JURY ⬥25(8)—TRIAL BY JURY—DEMAND —SUFFICIENCY.

An indorsement on the summons and complaint, "Plaintiff demands a jury trial," although not signed by plaintiff, sufficiently complied with Acts 1915, p. 824, providing that if plaintiff desires a jury trial he shall, at the time of filing his complaint, indorse thereon a demand for jury trial; the statute not requiring indorsement to be signed.

4. JURY ⬥28(3) — JURY TRIAL — DEMAND AND WAIVER.

Where plaintiff demanded a jury trial, he could not, in view of Acts 1915, p. 940, waive the right, and although defendant made no defense he had the right to have the jury ascertain the amount of the account, were Code 1907, § 3971, authorizing the court or clerk to ascertain the amount, had not been complied with.

Action by J. A. Watson against the Florida Nursery & Trading Company. From a judgment by default, defendant appealed to the Court of Appeals (75 South. 875), where the judgment was affirmed, whereupon he petitions for certiorari. Writ granted, judgment reversed, and cause remanded to the Court of Appeals.

A. Whaley, of Andalusia, for appellant. J. D. Bailey, of Florala, for appellee.

MAYFIELD, J. Appellee brought an action on the common counts against the appellant, in the circuit court of Covington county, and judgment by default therein was rendered against the defendant; the court, without a jury, proceeding to ascertain the amount of damages, and rendering judgment final for the amount so ascertained.

Appellant, defendant below, applied to the lower court, within time, to supersede the judgment and to grant a new trial. This application being denied, defendant then appealed to the Court of Appeals from the judgment final, but not from the judgment denying its motion for a new trial. The Court of Appeals affirmed the judgment final, and defendant applies to this court for the writ of certiorari to review the judgment of the Court of Appeals.

[1, 2] The Court of Appeals affirmed the judgment on two grounds, as stated in its opinion: The first, that section 3971 of the Code authorizes the court or the clerk to ascertain the amount of the account from the written evidence on file, whether such evidence consists of an itemized account verified as required by the statute, or of written depositions on file, and, for such purpose, authorizes the filing of an itemized verified account at the time the judgment is taken; and that in the absence of a showing to the contrary, the appellate court will presume on appeal that there was such evidence on file to authorize the trial court or the clerk to ascertain the amount which the plaintiff was entitled to recover. We cannot agree

with the Court of Appeals in this holding, nor in the construction as to the effect of section 3971 of the Code. If the record proper had affirmatively shown that there was such evidence as the statute prescribes, from which the court or the judge could ascertain the amount which plaintiff was entitled to recover, then the section of the Code in question might apply, and dispense with the necessity of a jury to ascertain the amount; but where such matter is not so shown by the record, the appellate court should not presume, against the record. These matters should be shown by the record before the court is authorized to dispense with a jury in the ascertainment of the amount; otherwise the defendant is entitled to a jury trial to ascertain the amount.

In fact, this court has put an entirely different construction on section 3971 of the Code in the case of Parsons Co. v. West-Steagall Co., 163 Ala. 594, 50 South. 1034. In that case the action was on a sworn itemized account. That case was therefore a stronger one for the application of the rule announced by the Court of Appeals than is this, where there was no documentary evidence as to the amount. In that case it was said:

"We have held that under this statute, in a case wherein it was stated, at the end of the complaint, 'The account is verified by affidavit,' and in which the judgment entry did not state that the statute had been complied with, a judgment by the court without a writ of inquiry was erroneous. Greer & Walker et al. v. Liipfert Scales Co., 156 Ala. 572, 47 South. 307. The only authority for dispensing with the writ of inquiry is section 3971 of the Code of 1907, and we must presume that each of the requirements therein laid down was deemed material by the Legislature, to wit: The plaintiff 'shall file * * * an itemized statement of account, verified by the *affidavit of a competent witness, made before and certified by an officer having authority under the laws of this state to take and certify affidavits,*' unless there are depositions on file that prima facie prove the correctness of the account. It will be noticed that neither in the statement at the end of the account nor in the judgment entry is there any intimation of a compliance with that part of the statute which we have italicized."

In the Greer & Walker Case, supra, 156 Ala. 575, 47 South. 307, it is said:

"This suit was on an open account, and although it is stated at the end of the complaint that 'the account is verified by affidavit,' but does not state that the same is on file, yet the judgment is rendered without stating that the statute has been complied with, or that a writ of inquiry was executed. This was error. Acts 1898–99, p. 225; Byrne v. Haines, Minor, 286; Porter v. Burleson, 38 Ala. 343; Rhea v. Holston Salt & Plaster Co., 59 Ala. 182; Warwick et al. v. Brooks, 67 Ala. 252; Manhattan Fire Ins. Co. v. Fowler & Co., 76 Ala. 372."

These authorities, going back to our first published reports, show that this court has always held that to excuse or justify a judgment final, without a writ of inquiry to a jury to ascertain the amount of damages, the record proper must show a substantial compliance with the statute which authoriz-

es the court or the clerk to ascertain the amount; and that if the record proper fails to show a case within the statute, the judgment must be reversed on appeal. Such matters cannot be supplied by intendment, or presumed, in order to support the judgment. In other words, the defendant, even in a civil case, cannot be deprived of his right to a trial by jury provided a jury trial is demanded under Acts 1915, pp. 824, 839, unless the record proper shows that the statutes have been complied with, which authorize the court or the clerk to find the facts, which must otherwise be ascertained by a jury; and those statutes having been thus repeatedly readopted with this construction placed upon them, we do not feel at liberty to now depart therefrom.

[3] The next ground on which the Court of Appeals justifies the affirmance of the judgment final is that the demand for a jury trial, indorsed on the summons and complaint, does not appear to have been signed by the plaintiff or his attorney, and that therefore the demand was not sufficient or, at least, was not binding upon the plaintiff or upon the trial court. The opinion of the Court of Appeals in one place concedes the sufficiency of the demand for the purpose of decision on the first ground stated; but in the last part holds that the demand was not sufficient for the reason stated.

We cannot agree with the Court of Appeals in this holding; the statute does not require the indorsement of the demand for the jury to be signed by any one, but only requires the demand to be indorsed on the summons and complaint. It thereupon becomes a part of the summons and complaint, and the signing of the complaint is sufficient evidence of the genuineness of the demand by the plaintiff. The statute not requiring the indorsement on the summons and complaint to be signed by the plaintiff or his attorney, we are not justified in construing it to exact such formality.

[4] It is also held by the Court of Appeals that as the right of jury trial in a case like this is a personal privilege, the plaintiff may waive it, although he has demanded it, and this court so held as to a defendant in the case of Knight v. Farrell & Reynolds, 113 Ala. 258, 20 South. 974; and as the defendant did not demand a jury, he will not be heard to complain of the plaintiff's waiver after demand therefor. Prior to the Acts of 1915 this would have been true, the record showing such waiver; but the Acts of 1915, p. 940, change the law as to a party who has demanded a jury trial, thereafter waiving it, to the effect that he *cannot* waive it except by the consent of the other party. The plaintiff in this case having demanded a jury by indorsing the demand on his summons and complaint, as the statute directs, and the defendant being brought into court by the service upon it of a copy thereof, it

was useless for the defendant to demand a jury; and as the plaintiff could not withdraw this demand without the defendant's consent, defendant had a right to rely thereon, and therefore had the right to have a jury ascertain the amount of damages, even though it made no defense. The law guaranteed it this right, unless the statutes which we have above referred to were complied with. It would have been a wholly useless thing for defendant to demand a jury, the plaintiff having already done so, and notified defendant of that fact, and defendant knowing that the demand could not be withdrawn without its consent.

It therefore follows that the Court of Appeals was in error in affirming the judgment on the grounds assigned. The application for the writ of certiorari is granted, and the judgment of the Court of Appeals is reversed, and the cause remanded to said court.

Reversed and remanded. All the Justices concur.