(90 South. 54)

## DRINKARD v. PREMIER REFINING CO.
### (8 Div. 724.)

(Court of Appeals of Alabama. April 5, 1921.)

Judgment &#9758;126(1)—A default judgment on accounts, neither in writing nor verified, and without intervention of jury, must be reversed.

Where a complaint claimed for goods sold and delivered, and also on open account, neither of which counts was an instrument in writing or verified account, ascertaining plaintiff's demands, in view of Code 1907, §§ 3970, 3971, 5325, 5356, judgment on default, without the intervention of a jury, must be reversed.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Assumpsit by the Premier Refining Company against T. E. Drinkard. There was judgment by default, and defendant appeals. Reversed and remanded.

E. W. Godbey, of Decatur, for appellant.

The court erred in rendering judgment with proof of the debt. 25 Ala. 451; 128 Ala. 332, 29 South. 10; 38 Ala. 344; 67 Ala. 252; 76 Ala. 373; 163 Ala. 594, 50 South. 1034; 156 Ala. 573, 47 South. 307.

Wert & Hudson, of Decatur, for appellee.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The complaint was in two counts, claiming for goods sold and delivered and on open count. Neither count was an instrument in writing or verified account ascertaining the plaintiff's demands. Code 3970 and 3971, §§ 5356, 5325. And the judgment being by default, without the intervention of a jury, the judgment is reversed and the cause remanded. Rhea v. Holston Salt & P. Co., 59 Ala. 182; Parsons Lbr. Co. v. West Co. et al., 163 Ala. 594, 50 South. 1034.

There are other questions in the record, but we think a decision of them is unnecessary.

Reversed and remanded.