(92 South. 408)

## GARNETT v. SCOTT. (8 Div. 453.)

(Supreme Court of Alabama. April 6, 1922.)

Judgment ⟬126(1)—Rendering of judgment by default after general issue filed, without writ of inquiry or evidence, held error.

Where in an action for conversion defendant filed a plea of general issue, denying the conversion and liability therefor and the extent thereof, it was error to disregard the plea and render final judgment for damages by default without a writ of inquiry or evidence establishing the existence and extent of plaintiff's averred claims, in view of Code 1907, §§ 3970, 3971, 5356.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Action by C. H. Scott against W. W. Garnett for damages for the conversion of an overcoat. Judgment by default for the plaintiff and defendant appeals. Transferred from Court of Apeals under section 6, Acts 1911, p. 449. Reversed and remanded.

E. W. Godbey, of Decatur, for appellant.

The court erred in rendering judgment by default. 90 South. 54; 102 Ala. 303, 14 South. 630; 8 Ala. App. 544, 62 South. 963; 156 Ala. 472, 47 South. 97; 67 Ala. 252.

C. L. Price, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. Plaintiff sued for damages for conversion. Defendant duly filed a plea of the general issue. The court rendered judgment against the defendant "by default." There is no recital of proof being offered.

There was error in rendering final judgment for damages for trover—on simple recital of default—without evidence or without a writ of inquiry to establish the controverted issues of fact made by the pleadings. The count was not founded on "an instrument in writing or verified account ascertaining the plaintiff's demand" (Code, §§ 3970, 3971, 5356); and the amount of plaintiff's loss could only be ascertained by the aid of extrinsic evidence, which is not shown to have been introduced. Grigg v. Gilmer, 54 Ala. 425; Parsons Lbr. Co. v. West-Steagall G. & M. Co., 163 Ala. 594, 50 South. 1034; Greer & Walker v. Liipfert-Scales Co., 156 Ala. 572, 47 South. 307. Where the suit was for the neglect of duty, on default judgment, held that evidence should have been introduced to establish the averments of the complaint showing the liability of defendants for the "alleged neglect of duty." Warwick v. Brooks, 67 Ala. 252; Manhattan Fire Ins. Co. v. Fowler & Co., 76 Ala. 372; Home Protection of N. Ala. v. Caldwell Bros., 85 Ala. 607, 5 South. 338; Wagnon v. Turner, 73 Ala. 197; Beville v. Reese, 25 Ala. 451; Chandler v. Reid, 114 Ala. 390, 21 South. 475; Washington County v. Porter, 128 Ala. 278, 29 South. 185.

Under the common law a judgment by default or nihil dicit meant that the defendant offered no plea to the complaint, and thus tacitly admitted it to be just. Will's Gould on Pl. pp. 289, 528; 3 Black. Comm. 397. In this jurisdiction, however, nihil dicit and default are clearly distinguished. Grigg v. Gilmer, supra; Stewart v. Goode, 29 Ala. 476; Simmons v. Titche Bros., 102 Ala. 317, 14 South. 786; Washington County v. Porter, supra.

Defendant having interposed a plea to a count in trover, denying a conversion and liability therefore and the extent thereof, it was erroneous to disregard that plea and enter a judgment final for damages (by default) without evidence establishing the existence and extent of plaintiff's averred claims. Hall v. Nix, 156 Ala. 423, 47 South. 335; Langdon v. Williams, 22 Ala. 681; Grigg v. Gilmer, supra; Green v. Jones, 102 Ala. 303, 14 South. 630; Clements v. Mayfield Woolen Mills, 128 Ala. 332, 29 South. 10; Barnard v. Irwin, 8 Ala. App. 544, 62 South. 963. A slight analogy is to be found in sections 2963, 3970, 3971, 5325, 5326, of the Code of 1907; Ex parte Florida Nursery & Trading Co., 201 Ala. 97, 77 South. 391; Hartford Fire Ins. Co. v. Bannister, 201 Ala. 681, 79 South. 253; Irwin v. Scruggs, 32 Ala. 516; Barclay v. Barclay, 42 Ala. 345; McCoy v. Harrell, 40 Ala. 232; Crow v. Decatur Bank, 5 Ala. 249; Sessoms Groc. Co. v. Inter. Sugar Feed Co., 188 Ala. 232, 66 South. 479; Oliver v. Kinney, 173 Ala. 593, 56 South. 203; Sparks v. Reeves & Co., 165 Ala. 352, 51 South. 574; Blalack v. Blacksher, 11 Ala. App. 545, 66 South. 863; Drinkard v. Premier Co., 18 Ala. App. 109, 90 South. 54.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

⟬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes