(113 So. 397)

**DULIN v. JOHNSON.** (7 Div. 728.)

Supreme Court of Alabama. June 15, 1927.

**1. Trial ⬤➾11(2)—Motion to transfer case to equity side of docket must be verified by affidavit (Code 1923, § 6490).**

Motion to transfer case from law side to equity side of docket is demurrable, if not verified by affidavit as required by Code 1923, § 6490.

**2. Trial ⬤➾11(2)—Action on note will not be transferred to equity because of defendant's readiness to fulfill alleged agreement to give plaintiff deed in case of default in payment.**

In action on note, motion to transfer case to equity side of docket, alleging that defendant was to execute deed to plaintiff on default in paying note and that he was ready to execute such deed, held not to allege facts sufficient to justify removal.

**3. New trial ⬤➾156—Order more than 30 days after judgment, setting aside judgment of nil dicit, held properly vacated, in absence of order within 30-day period continuing motion for hearing (Code 1923, § 6670).**

Order entered more than 30 days after original judgment, setting aside judgment of nil dicit for plaintiff and restoring cause to trial docket, was properly vacated on plaintiff's motion, under Code 1923, § 6670, where record did not show order within 30-day period continuing motion for hearing.

**4. Judgment ⬤➾10—Circuit judge is not required to render judgment at courthouse (Code 1923, § 6710).**

Circuit judge is not required to render judgment at courthouse, but may make orders, interlocutory or final, in any case pending before him, if he be anywhere within state, in view of Code 1923, § 6710.

**5. New trial ⬤➾156—Party contesting motion for new trial on merits, waives right to insist on previous discontinuance.**

Where party appears and unreservedly contests motion for new trial on its merits, he waives right to insist on previous discontinuance of motion.

**6. New trial ⬤➾156—Record showing that motion for new trial was granted "and plaintiff excepts" carries no implication of contestation of motion on merits, preventing insistence on previous discontinuance.**

Record on defendant's motion for new trial, showing that motion was granted "and plaintiff excepts," held not to imply that motion was contested on merits, so as to prevent plaintiff from insisting on previous discontinuance of motion.

**7. Judgment ⬤➾143(3)—Defendant held not entitled to rehearing because prevented from making defense by accident, mistake, fraud, or surprise, unless he was without fault (Code 1923, § 9521).**

Defendant held not entitled to rehearing under four months' statute (Code 1923, § 9521), on showing that he was prevented from making defense by accident, mistake, fraud, or surprise, without showing that he was without fault in premises.

**8. Judgment ⬤➾151—Defendant's petition for rehearing held properly dismissed where not sworn to, in absence of attempt to notify plaintiff (Code 1923, §§ 9521, 9522).**

Petition for rehearing, brought under four months' statute (Code 1923, § 9521), held properly dismissed where it was not sworn to and record did not show any attempt to give plaintiff 10 days' notice, nor serve him with copy of petition, as required by section 9522.

**9. Appeal and error ⬤➾1072—Defendant was not injured because petition for rehearing was stricken, in view of failure to introduce evidence sustaining allegations (Code 1923, §§ 9521, 9522).**

Defendant cannot complain of injury because petition for rehearing, brought under Code 1923, §§ 9521, 9522, was stricken, where he was given opportunity to sustain allegation of accident, surprise, mistake, or fraud but offered no evidence on that issue, it being immaterial that petition was stricken instead of being dismissed or overruled.

**10. Pleading ⬤➾360(1)—Motion to strike, or dismiss adversary petition is not demurrable, but will be granted or denied on merits.**

Where motion is made to strike or dismiss adversary petition or pleading, practice does not sanction demurrer to motion, but court will proceed to grant or deny it according to its merits.

**11. Damages ⬤➾197—After judgment nil dicit for plaintiff, inquiry to ascertain amount due on note for principal and interest held unnecessary.**

Where judgment was rendered nil dicit in favor of plaintiff in action on note, inquiry to ascertain amount due on note for principal and interest held unnecessary, since such amount was liquidated, being fixed by note itself.

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**12. Damages** ⊚⟹194—**After judgment nil dicit for plaintiff, judgment for attorney's fees cannot be properly rendered without ascertainment on hearing of testimony (Code 1923, § 7881).**

Where judgment was rendered nil dicit in favor of plaintiff in action on note, amount of attorney's fee was unliquidated item, for which judgment could not properly be rendered, without ascertaining on hearing of testimony, notwithstanding Code 1923, § 7881.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by Mrs. S. A. Johnson against T. J. Dulin. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Corrected and affirmed conditionally.

Statement by SOMERVILLE, J.:

The plaintiff (appellee) sued the defendant (appellant) on a promissory note under seal for $648, due on December 17, 1921, with interest from that date. The note provided for a reasonable attorney's fee for collection, and was credited with payment of $68. The cause came on to be heard, and, defendant being called and not answering, as recited by the judgment entry, "On motion of the plaintiff's attorney the court renders judgment nil dicit in favor of the plaintiff, and against the defendant, for the sum of $816.89," and that judgment was formally entered as of the date of January 27, 1925.

Prior to this judgment defendant had filed no plea nor made any appearance other than a special appearance to file—in his own name —a motion to transfer the cause to the equity side of the docket, on the ground that:

"In executing said promissory note the plaintiff obligated the defendant in writing, which was made a part of the consideration of this obligation, that he place in the hands of the plaintiff in said cause his deed to a house and lot [describing it], which in case of default of payment at or after maturity the defendant was to make or execute to the plaintiff a deed to said land, and said defendant, having defaulted in said payment of promissory note, now stands ready to execute deed to said land in full payment of said note on demand of plaintiff in said suit in a court of equity."

Plaintiff demurred to this motion on several grounds, among others that defendant's appearance was special only, and that the motion was not supported by an affidavit as required by law.

The judgment entry recites that the demurrer was sustained before judgment nil dicit was rendered. No demand was made by either party for trial by jury, and the record does not show that any writ of inquiry was ordered or executed.

On February 24, 1925, defendant by counsel moved for a new trial on the ground of accident or surprise and inability to reach the court before the case was called and judgment rendered.

On March 27, 1925, the record recites, the motion was heard and considered and granted, and the judgment of nil dicit was set aside, and the cause restored to the docket. It does not appear that this motion had been called to the attention of the court at any previous time, or that any order had been made continuing the motion, or otherwise keeping it alive, till a future day.

Thereafter, on April 13, 1925, plaintiff presented her petition to the trial judge, sitting at Columbiana, setting up that the order granting a new trial was null and void because granted more than 30 days after judgment nil dicit was rendered and after the motion had been discontinued, and praying that said order be annulled. This motion was granted and the order for new trial was vacated and annulled on April 13, 1925. It does not appear that defendant was present or had any notice of this petition or the hearing thereon.

Thereupon, on June 23, 1925, defendant moved for a rehearing "under section 9521 of the Code," on the following grounds:

(1) For that defendant has been prevented from making his defense in said cause by accident, mistake, fraud, or surprise.

(2) For that said judgment is void in that it purports to have been rendered on a promissory note, commonly called a bond, and the instrument or paper writing on which judgment was rendered is not a promissory note.

(3) For that the judgment of the court rendered on plaintiff's petition on to wit, April 13, 1925, is void in that said judgment was rendered without notice having been given to defendant or to his attorney of record.

(4) For that said judgment is void in that it was not rendered at the courthouse of Clay county, Ala.

Plaintiff thereupon moved to strike from the record and dismiss this motion on numerous grounds. Defendant demurred to this motion on the grounds that the order setting aside the judgment was made at Columbiana, and at a place other than the courthouse of Clay county.

On January 19, 1926, plaintiff's motion was heard and granted, and defendant's motion for a rehearing was stricken as prayed—to which defendant duly excepted.

Defendant appeals, and assigns for error the several rulings, orders, and judgments of the trial court in favor of plaintiff.

Walter S. Smith, of Birmingham, for appellant.

The facts set forth in the defendant's motion present an equitable question. The provision of the statute as to verification is directory, and not mandatory. Code 1923, § 6490; Smith v. Grayson, 214 Ala. 197, 107 So. 448; Cornelius v. Moore, 208 Ala. 237, 94

So. 57; Aust v. Sumter, etc., Co., 209 Ala. 669, 96 So. 872. Plaintiff was not entitled to have judgment for attorney's fee without writ of inquiry to ascertain the amount thereof. Camp v. Randle, 81 Ala. 240, 2 So. 287; Orr v. Sparkman, 120 Ala. 9, 23 So. 829; 8 C. J. 1103. An excessive judgment may be corrected by modification on appeal. Lister v. Vowell, 122 Ala. 264, 25 So. 564; Smith v. Robinson, 11 Ala. 270. A judgment rendered at a place not authorized by law is void. Patton v. State, 160 Ala. 111, 49 So. 809; Code 1923, § 6666. Plaintiff, by appearing and contesting defendant's motion for rehearing, waived claim to discontinuance. Jones v. Morrow, 21 Ala. App. 326, 108 So. 81; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Farmers' Bank v. Gibson, 21 Ala. App. 389, 108 So. 628.

Merrill & Jones, of Heflin, for appellee.

A judgment rendered more than 30 days from the rendition of a final judgment, and without any order of the court continuing said cause, is void. Howard v. Ala. F. & I. Co., 208 Ala. 500, 94 So. 531. The court is powerless to set aside a judgment after lapse of 30 days. Code 1923, § 6670; Ex parte Margart, 207 Ala. 604, 93 So. 505; First Nat. Bank v. Morrow, 19 Ala. App. 459, 98 So. 34; Southern Ry. Co. v. Blackwell, 211 Ala. 216, 100 So. 215; Mt. Vernon Mills v. Judges, 200 Ala. 168, 75 So. 916; Ex parte H. A. & B. R. Co., 105 Ala. 221, 17 So. 182. An application under Code, §§ 9521, 9522, cannot be considered as legally filed until after 10 days' notice is given. Ex parte Cunningham, 19 Ala. App. 584, 99 So. 834; Zavello v. Goldstein, 3 Ala. App. 478, 57 So. 102. Demurrer to motion to transfer the cause to the equity docket was properly sustained. Code 1923, § 6490; Briggs v. Prowell, 207 Ala. 629, 93 So. 590; Davis v. Harris, 211 Ala. 679, 101 So. 458. Final orders and decrees may be made by a judge having jurisdiction in any part of the state. Code 1923, § 6710; Gray v. Bank of Moundville, 214 Ala. 260, 107 So. 804.

SOMERVILLE, J. [1, 2] The defendant's motion for the transfer of the case from the law side to the equity side of the docket, was not verified by affidavit as required by the statute, and the demurrer to the motion was properly sustained on that ground. Code, § 6490; Briggs v. Prowell, 207 Ala. 629, 93 So. 590. And, it should be added, the motion does not allege facts sufficient to justify the removal sought.

[3] Under section 6670 of the Code, to sustain a judgment of the court granting a motion for a new trial after the lapse of more than 30 days from the date of the original judgment, the record must show an order made within the 30 days, "continuing [the motion] for hearing [at] a future day." Otherwise the judgment for new trial is void for

want of jurisdiction. Howard v. A. F. & I. Co., 208 Ala. 500, 94 So. 531, and cases cited therein; Ex parte Margart, 207 Ala. 604, 93 So. 505.

Under this statute and these decisions the order and judgment of the circuit court of March 27, 1925, setting aside the judgment of nil dicit and restoring the cause to the trial docket, was null and void; and it was proper for that court to make an order at any time, on plaintiff's motion without notice to the defendant, vacating and annulling the void judgment. Johnson v. Johnson, 40 Ala. 247, 251; Chamblee v. Cole, 128 Ala. 649, 30 So. 630; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Hobson-Starnes Coal Co. v. Ala., etc., Co., 189 Ala. 481, 66 So. 622. But, of course, the voided judgment was just as void without the order of vacation.

[4] Under section 6710 of the Code, which counsel for appellant seems to have overlooked, a circuit judge may make orders, interlocutory or final, in any cause pending before him, if he be anywhere within the state.

[5, 6] Appellant contends that the order and judgment of March 27, 1925, shows that the plaintiff was present, participating in the hearing of defendant's motion on its merits, and that this operated as a waiver of the discontinuance of the motion. It is, indeed, the settled law that, when a party appears and unreservedly contests a motion for new trial on its merits, he waives the right to insist upon a previous discontinuance of the motion. Ex parte Schoel, 205 Ala. 248, 87 So. 801. The record here shows that the trial judge made this indorsement on the motion docket:

"Motion granted, judgment set aside, and cause reinstated on the docket for new trial, and plaintiff excepts."

The formal judgment entry shows merely that the motion was heard and considered and adjudged. This is wholly insufficient to show any contestation of the motion on its merits. Doubtless, the exception was noted by the trial judge pro forma, according to a very general custom, but, even if actually taken by the plaintiff, it carries no implication of a contestation of the motion on its merits.

[7] The petition for rehearing filed by defendant, ostensibly under the four months' statute (Code, § 9521), set up some grounds not available under that statute, along with the single allegation that "defendant has been prevented from making his defense in said cause by accident, mistake, fraud, or surprise." This showing, without showing also that defendant was without fault in the premises, is not sufficient for relief. White v. Ryan, 31 Ala. 400; Stewart v. Williams, 33 Ala. 492.

[8] Moreover, there was a total failure on the part of the petitioner to comply with the requirements of the statute (Code, § 9522). The petition was not sworn to, and the record

does not show that any attempt was made to give to plaintiff the 10 days' notice prescribed, nor to serve him with a copy of the petition. These defects and omissions were set up by plaintiff as grounds for her motion to strike the petition. As said by Walker, P. J., in Zavello v. Goldstein, 3 Ala. App. 478, 481, 57 So. 102, 103:

"This being true, the defendant had not entitled himself to prosecute the proceeding, and the court was not in error in dismissing his petition."

[9] It matters nothing that the petition was stricken instead of being dismissed or overruled. We note, however, that the petitioner offered some evidence on the hearing of his motion, and was given an opportunity to sustain his allegation of accident, surprise, mistake, or fraud, and that no evidence was offered on that issue. So whatever the form of the order, whether striking, dismissing, or overruling the motion, defendant cannot complain of injury.

[10] When a motion is made to strike or dismiss an adversary petition or pleading, our practice does not sanction a demurrer to the motion, but the court will proceed to grant or deny the motion according to its merits.

Defendant insists that the judgment for plaintiff on the note sued on is excessive, in that it contains an allowance of $100 for attorney's fees for collecting the note, the argument being that the amount of the fee was necessarily unliquidated and could only have been ascertained by evidence taken under a writ of inquiry; and therefore—the record not showing such an ascertainment—the judgment is erroneous upon the face of the record itself.

It does not appear how the court arrived at the amount of the judgment as rendered. The amount claimed is the face of the note, $648, with interest from December 17, 1921, less a credit of $68 on March 5, 1923, and an attorney's fee of $100. The amount of the note, principal, and interest, after allowing for a credit of $68 on March 5, 1923, was about $732, calculated to the day of the judgment. Since the only other item which could have entered into the judgment was the attorney's fee, it is apparent that the court included in the amount of the judgment an attorney's fee of about $85.

[11, 12] An inquiry to ascertain the amount due on the note for principal and interest was not necessary, because that amount was liquidated—being fixed by the note itself. McGowin v. Dickson, 182 Ala. 161, 170, 171, 62 So. 685; Code, § 9495. But the amount of the attorney's fee was an unliquidated item for which judgment could not properly be rendered without its ascertainment upon a hearing of testimony. The judgment record shows a judgment by nil dicit without showing any inquiry by the court for the ascertainment of

a reasonable attorney's fee and therefore the judgment is erroneous as to its amount in excess of $732. Greer v. Liipfert-Scales Co., 156 Ala. 572, 575, 47 So. 307; Garnett v. Scott, 207 Ala. 263, 92 So. 408.

Section 7881 of the Code of 1923 provides that in all cases of default, when damages are to be assessed, the court may "hear the evidence and assess the damages without a jury"; but, while this dispenses with the formal writ of inquiry before a jury, it does not dispense with the necessity of showing that the court has heard evidence before fixing and adjudging the amount of the damages.

If plaintiff enters a remittitur of that excess within 30 days hereafter, the judgment will be affirmed as to the residue, at the cost of plaintiff. Otherwise, the judgment will be reversed and the cause remanded.

Corrected and affirmed conditionally.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.