(118 So. 227)

## FRAZIER v. DISMUKE. (4 Div. 305.)

Court of Appeals of Alabama. Oct. 9, 1928.

J. C. Fleming and J. N. Ham, both of Elba, for appellant.

Wilkerson & Brunson, of Elba, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J. The complaint states a cause of action on open account. Judgment by default was rendered by the court on certificate of the clerk and without a writ of inquiry.

The only authority in the state for a judgment by default without a writ of inquiry, in suits on account is found in section 7667 of the Code 1923. The appeal is on the record. The complaint fails to show an indorsement to the effect that suit was on an itemized account verified by affidavit. The judgment entry fails to show affirmatively the existence of the conditions specified in section 7667, authorizing the rendition of default judgments and dispensing with writ of inquiry. This must affirmatively appear from the record. Parsons Lumber Co. v. West-Steagall G. & M. Co., 163 Ala. 594, 50 So. 1034; Black v. Williamson & Young, 15 Ala. App. 573, 74 So. 397; Greer & Walker v. Liipfert-Scales Co., 156 Ala. 572, 47 So. 307; Drinkard v. Premier Refining Co., 18 Ala. App. 109, 90 So. 54.

The judgment entry recites that judgment was rendered "upon proof offered by plaintiff," but the character of the "proof" is not indicated; the necessary conditions prescribed by section 7667, supra, which are jurisdictional in their nature, are not made to appear. As stated in Parsons Lumber Co. Case, supra, "We must presume that each of the requirements therein [the statute] laid down was deemed material by the Legislature." In that case the judgment entry recites that judgment was "upon a verified account," and the court refused to presume in aid of the judgment, in the absence of a full statement to that effect, that the verification of the account was by a "competent witness, made before and certified by an officer having authority under the laws of this state to take and certify affidavits." No presumption was indulged that there was a judicial ascertainment by the court rendering the judgment that the "verified account" was such a verified account the statute required as a condition predecent to the assessment of damages by the court without a writ of inquiry.

Of course, where no jury has been demanded, the judge may execute the writ of inquiry without the interposition of a jury, and ordinarily the statement in the judgment entry that same was rendered "upon proof offered by the plaintiff" would be sufficient to show the execution of a writ of inquiry by the judge, that the judgment was not rendered under section 7667 of the Code, but regularly on proof before the judge. But the record shows that such was not the case here. From the record it appears that on motion of plaintiff the clerk certified to the judge the date of filing the complaint, date of service, and default of defendant, and further that the suit was "based upon an itemized and verified statement of account." His authority for this statement does not appear, nor does this certificate show a compliance with the statute, nor is there a like indorsement on the complaint. From the record we are forced to conclude that the judge accepted and acted upon this certificate in lieu of a writ of inquiry. The record fails to show the existence of the conditions prescribed by section 7667 of the Code, supra, so that the principle announced in Petree & Co. v. Phillip Olim & Co., 206 Ala. 333, 89 So. 602, cannot be applied. In that case the required conditions appeared affirmatively, but defendant denied their existence in fact.

Reversed and remanded.