J P Construction Company appeals from the denial of its Rule 60 (b), A.R.Civ.P., motion seeking to set aside a default judgment. We reverse and remand.
Valta Construction Company filed a three-count complaint against J P in the Circuit Court of Baldwin County. The first count claimed $35,000.00 for breach of contract. Valta alleged that it had entered into a contract with J P as a subcontractor to do excavating work at a construction site owned by the City of Foley. The contract, a copy of which was attached to the complaint, provided that J P was to pay Valta $72,353.00. Valta claims that after it commenced work on the project J P asked it to do additional work and later refused to pay Valta for the additional work as it had promised. After J P refused to make periodic payments, which Valta claims were due pursuant to their agreement, Valta terminated work on the project. The second count claimed $35,000.00 for work and labor done. The third count claimed $50,000.00 for fraud. The fraud count stems from alleged misrepresentations made regarding the additional work at the site.
Copies of the summons and complaint were served on C.R. Jamison, the president of J P, on November 22, 1982. Jamison contacted his attorneys in Tuscaloosa about defending the suit, and they advised him to retain a Baldwin County lawyer. They recommended that Jamison contact Don Foster about representing J P in the matter. In order to insure that a timely appearance was filed on J P's behalf, Jamison instructed an employee to mark the company's calendar and to remind Jamison to check on the matter within 30 days. Jamison then called Foster, who advised him that he might have a conflict. The next day Foster talked with Jamison again and advised him that another lawyer in his firm had represented Valta in the past and, therefore, Foster could not defend the suit on behalf of J P. Foster gave Jamison the names of three local attorneys who he felt would be competent to handle such a case, and he suggested that Jamison contact one of them as soon as possible. Jamison testified that he intended to call his attorneys in Tuscaloosa to ask their advice on who to call but, because of the approaching holiday season and the demands of his work, he failed to do so. Likewise, the employee instructed to remind Jamison about the suit before 30 days had elapsed failed to do so and no timely appearance was filed.
On January 18, 1983, Valta's attorney filed an application for a default judgment. The application stated that service was perfected on November 22 and that the defendant had failed to answer or otherwise defend the action. It sought a judgment for $42,665.00, an amount which the application stated was to be determined by the clerk. See A.R.Civ.P. 55 (b)(1). The clerk entered a default. See A.R.Civ.P. 55 (a).
On January 19 the following order was entered:
 "1/19/83; This action came on the motion of the plaintiff for a default judgment pursuant to Rule 55 (b)(2) of the Alabama Rules of Civil Procedure, and the defendant having been duly served with the summons and complaint and not being an infant or an unrepresented incompetent person, nor a member of the naval or military services of the United States, and having failed to plead or otherwise *Page 859 
defend, and his default having been duly acknowledged by the court.
 "It is ordered and adjudged by the court that the plaintiff recover of the defendant on contract in the amount of $42,665.00 and the costs of court in this action."
The court also made an entry on the docket sheet: "Judgment by default for the plaintiff and against the defendant in the amount of $42,665.00 plus costs."
On January 19, Jamison received notice that a default judgment had been taken against J P on the previous day. Jamison telephoned his attorneys, who filed a Rule 55 (c), A.R.Civ.P., motion to have the judgment set aside. They filed with the motion an affidavit signed by Jamison detailing the facts leading up to J P's failure to file an answer. The affidavit also alleged that J P had not only paid Valta all that it owed under the parties' agreement, but that, due to Valta's breach, it had suffered damages for which it would seek compensation if allowed to file a counterclaim.
After the denial of the Rule 55 (c) motion, J P filed a Rule 60 (b), A.R.Civ.P., motion for relief from the judgment. The motion alleged that J P's failure to defend was the result of mistake, inadvertence, or excusable neglect, that the plaintiff would not be prejudiced by setting aside the default, and that J P had a meritorious defense. The supporting affidavit again set out the facts leading up to the default. It also set out the facts on which it based its claim of a meritorious defense. The court denied the 60 (b) motion and the defendant appealed.
The procedure for granting a default judgment is set out in Rule 55. The first step is the entry of a default. When a party against whom affirmative relief is sought fails to plead or otherwise defend the action and that fact is made to appear by affidavit or otherwise, the clerk enters a default. A.R.Civ.P. 55 (a). A judgment by default may then be entered. If the claim is for a sum certain or for a sum which can by computation be made certain, the clerk may enter the judgment upon a request and an affidavit of the amount due. A.R.C.P. 55 (b)(1). In all other cases entry of a default judgment must be made by the court on application of the party entitled to the default. If Rule 55 was not complied with in granting the default, a Rule 60 (b) motion should be granted. Weaver v. Travel Inn, Inc.,350 So.2d 444, 446 (Ala. 1977). If the default judgment was properly granted, the trial court has great discretion in deciding whether to grant relief from the judgment, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion. Roberts v. Wettlin, 431 So.2d 524, (Ala. 1983), Elliott v. Stephens, 399 So.2d 240 (Ala. 1981).
In this case the 60 (b) motion should have been granted, because the Rules of Civil Procedure were not complied with in entering the judgment. First, the judgment was excessive. Although the prayer in the contract count sought only $35,000.00, the award, which states that it is based on breach of contract, was for $42,665.00. A default judgment cannot be entered for an amount greater than the amount sought in the complaint. A.R.Civ.P. 54 (c). Second, even though the judgment was entered by the court, the claim was treated like a claim for a sum certain in that no investigation was made prior to entry of the judgment as to the amount of damages. Plaintiff made its application for a default judgment to the clerk, and the judgment was entered based solely on the amount sought in the application.
In our opinion this case does not involve the sort of claim which could have been properly dealt with under Rule 55 (b)(1). Examples of cases which are properly treated as claims for amounts which are certain or are capable of being made certain by computation include such claims as actions based on life insurance policies, actions for the recovery of deposits, actions for the face amounts of notes, and claims based on other liquidated sums. See 6 Moore's Federal Practice, § 55.04. Although this is a contract dispute, the *Page 860 
claim is not for the face amount of the contract, nor is it based on a liquidated damages clause in the agreement. The contract was partially performed and a partial payment was made. Moreover, there were oral statements made which allegedly modified the agreement, and the complaint contained a count for fraud.
The court has the power to enter a default judgment in situations where the clerk would be authorized to enter the judgment under Rule 55 (b)(1). In those cases it would not be necessary to make an inquiry into the amount of the damages. In other cases, however, the court should not enter a judgment without first determining the amount of damages. Under Alabama practice prior to adoption of the Rules of Civil Procedure, a writ of inquiry was necessary before a default judgment could be entered, unless the damages were based on an itemized account or were liquidated. See Frazier v. Dismuke, 22 Ala. App. 594,118 So. 227 (1928); Tit. 7, §§ 215, 257, and 379, Code of Ala. 1940 (Recompiled 1958). Rule 55 (b)(2) provides:
 "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury pursuant to the provisions of Rule 38."
Although the rule states that the court "may" hold hearings, the discretion bestowed by the rule is not so great as to entirely vitiate the need for any sort of inquiry into the amount of damages where the claim is not for a sum which is certain or is capable of being made certain by computation. The federal courts require that a hearing be held before a default judgment can be entered unless the claim is liquidated or for a sum certain. United Artists v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). Other states have similar requirements. See M.Clifton Edson Son v. McConnell, 9 Mass. App. 930,404 N.E.2d 692 (1980); 47 Am.Jur.2d Judgments, § 1186 (1969).
Although entry of the default judgment was not made properly, we find no error with the entry of default made by the clerk under A.R.Civ.P. 55 (a). The court's refusal to set aside the entry of default was, therefore, proper unless it amounted to an abuse of discretion. While we might have been inclined, had we been in the trial court's position in ruling on the motion, to grant the relief sought, we cannot say as a matter of law that the failure to grant the motion amounted to an abuse of discretion.
We reverse as to the entry of a default judgment and remand the case for a hearing to determine the amount of damages. At the hearing the defendant will be entitled to cross-examine the plaintiff's witnesses and introduce testimony on the issue of damages. See Blackmon v. W.S. Badcock Corp., 342 So.2d 367
(Ala.Civ.App. 1977); Annot., 15 A.L.R.3d 586, 607-610 (1967).
REVERSED AND REMANDED.
MADDOX, JONES, EMBRY and ADAMS, JJ., concur.