L. CHARLES WRIGHT, Retired Appellate Judge.
The wife filed suit for divorce in the Circuit Court of Perry County, Alabama, on March 18, 1992. The husband was then an inmate in the Alabama penal system. The husband filed an answer pro se on April 3, 1992. Contained in that answer was a sworn defense of improper venue, alleging that the wife was not a resident of Perry County at the time of separation as alleged in her complaint. Other pleadings not material were filed, but each informed the court that the husband was incarcerated in prison.
On September 21, 1992, the husband filed a motion for continuance, alleging a lack of opportunity to prepare for trial because of his inability to access research materials. *646 He again challenged the venue of the action in Perry County.
On September 22, 1992, the wife filed an affidavit in support of her complaint. On the same date the court entered a lengthy divorce decree, stating it was entered on default of the husband. The husband appeals.
We have before us the pleadings as we have stated them. There is nothing in the record, including the case action summary, that indicates any ruling by the court on the defense of improper venue; no setting of the case for hearing nor notice to the husband of a setting for trial; and no indication that any of the husband’s motions were considered by the trial court or that his condition of imprisonment far from the courthouse was considered.
In view of all the circumstances and the condition of the record, we consider that the husband’s right to a fair trial and procedural due process was denied him. Rule 12(d), A.R.Civ.P., which requires that the defense of improper venue be heard and determined before trial, was not complied with by the court. To say that the trial court must have considered that defense because it proceeded to final decree does not wash.
We further find that Rule 55(b)(2) was not complied with in the entry of the default judgment without notice to the husband of a setting of a trial date. The decree was entered the next day after the husband had again raised the defense of venue and sought a continuance, alleging good reason.
For all these reasons, we reverse the decree of divorce and remand for a new trial prefaced by proper motion and hearing and ruling on the motion of improper venue. We recognize the problems which may arise in a case in which a prisoner is a party. This court has spoken to such problems in Eastman v. Eastman, 429 So.2d 1058 (Ala.Civ.App.1983). Let the husband familiarize himself with our comments in that case.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.