THOMAS, Judge.
Martone Griffin and Dorsalon Boyd appeal from the Montgomery Circuit Court’s denial of their motion for a default judgment against Garry Blackwell and Blackwell Igor’s, Inc. (hereinafter collectively referred to as “the Blackwell defendants”). We affirm.
On March 15, 2008, Griffin and Boyd were present at Igor’s Restaurant and Bar (“Igor’s”). On that night, an armed altercation occurred between security personnel hired by Igor’s and other individuals; Griffin and Boyd were not participants in the altercation. Griffin and Boyd both received gunshot wounds to the head during the altercation, resulting in serious injuries.
On October 1, 2009, Griffin and Boyd filed a complaint in the trial court, which they amended on November 3, 2009, naming as defendants the Blackwell defendants, Shelton Carter, Dontrel Carter, and Igor’s II, Inc., d/b/a Igor’s.[1] In their complaint, Griffin and Boyd alleged claims of negligence, wantonness, negligent and wanton entrustment, negligent and wanton hiring and supervision, and respondent superior.
The Blackwell defendants were served with the original complaint and the amended complaint; however, the Blackwell defendants did not file an answer or any other responsive pleading to Griffin and Boyd’s complaint or amended complaint. Because of the Blackwell defendants’ failure to respond, Griffin and Boyd filed a motion for a default judgment in the trial court on December 7, 2009. The trial court subsequently set a hearing on Griffin and Boyd’s motion. At the hearing, Griffin and Boyd provided testimony and evidence relating to the extent of their injuries and the damages they had incurred as a result of their injuries.
On February 9, 2010, the trial court entered an order denying Griffin and Boyd’s motion for a default judgment. The trial court stated that it had denied Griffin and Boyd’s motion because they had “failed to submit substantial evidence *163 of liability on the part of [the Blackwell defendants].” The trial court also dismissed Griffin and Boyd’s case without prejudice. Griffin and Boyd filed a post-judgment motion, in which they requested that the trial court alter, amend, or vacate its judgment. In their motion, Griffin and Boyd argued that they were not required to present evidence of the Blackwell defendants’ liability at the default-judgment hearing and, alternatively, that, if the trial court determined that evidence of liability was required, it should set a hearing in order for Griffin and Boyd to provide the trial court with that evidence. After holding a hearing, the trial court denied Griffin and Boyd’s postjudgment motion. Griffin and Boyd subsequently appealed to the Alabama Supreme Court. Our supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The denial of a motion for a default judgment is an interlocutory order that is not subject to appeal. See McBride v. McBride, 380 So.2d 886, 888 (Ala.Civ.App.1980). However, in this case, in addition to denying Griffin and Boyd’s motion for a default judgment, the trial court dismissed Griffin and Boyd’s case. The dismissal of a case is a final judgment subject to appeal. See Ex parte Denson, 57 So.3d 195, 199 (Ala.2010). Because the trial court dismissed Griffin and Boyd’s case, the trial court’s judgment is a final, appeal-able judgment.
Griffin and Boyd argue that the trial court erred when it denied their motion for a default judgment because, Griffin and Boyd say, they were not required to prove the Blackwell defendants’ liability at the default-judgment hearing. However, we do not reach Griffin and Boyd’s argument because the trial court’s denial of their motion for a default judgment is due to be affirmed on other grounds. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (holding that, subject to certain exceptions not relevant in this case, “this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court”).
Rule 55, Ala. R. Civ. P., provides the procedure that a party must follow in order to obtain a default judgment.
“The first step is the entry of a default. When a party against whom affirmative relief is sought fails to plead or otherwise defend the action and that fact is made to appear by affidavit or otherwise, the clerk enters a default. [Rule] 55(a). A judgment by default may then be entered.”
J & P Constr. Co. v. Valta Constr. Co., 452 So.2d 857, 859 (Ala.1984). Following the entry of default by the clerk, if, as in this case, the party’s claim is not for a sum certain or for a sum that can be made certain by computation, the party must then apply to the trial court for a default judgment. See Rule 55(b)(1) and Rule 55(b)(2). Thus, a party must first obtain an entry of default by the clerk or the trial court before he or she can obtain a default judgment from the trial court. , See Graham v. University Credit Union, 411 So.2d 144, 148 (Ala.Civ.App.1982), overruled on other grounds by Ex parte Keith, 771 So.2d 1018 (Ala.1998) (“Prior to obtaining a default judgment under rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). Wright & Miller, Federal Practice and Procedure § 2682. Entering default by the court or the clerk is the first action taken before entering a default judgment.”); see also 2 Champ Lyons, Jr. & Ally W. Howell, Alabama Rules of Civil Procedure Annotated § 55.2 (4th ed. 2004) (“[T]he entry of default is separate from the entry of judgment and *164 the default must be entered prior to obtaining a judgment under [Rule] 55(b).”).
The record on appeal does not contain any evidence indicating that Griffin and Boyd had applied to the clerk or the trial court for an entry of default against the Blackwell defendants or that the clerk or the trial court had entered a default against the Blackwell defendants before the trial court entered its order denying Griffin and Boyd’s motion for a default judgment. Therefore, if the trial court had entered a default judgment at that time, it would have been error. See Graham, 411 So.2d at 148. Accordingly, the trial court did not err when it denied Griffin and Boyd’s motion for a default judgment.[2]
AFFIRMED.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur.
PITTMAN, J., concurs specially, with writing.

. Shelton Carter and Dontrel Carter were allegedly security personnel working at Igor’s the night of the altercation. According to Griffin and Boyd, Shelton and Dontrel were never served with process because they could not be located. Griffin and Boyd later filed a motion to dismiss Igor's II, Inc., as a defendant, which the trial court granted.

. Griffin and Boyd state in their brief on appeal that the trial court erred when it dismissed their case; however, Griffin and Boyd do not provide any legal support for this argument except for the legal authorities cited in support of their argument that the trial court erred by denying their motion for a default judgment. None of the authorities cited by Griffin and Boyd are relevant to the question of the propriety of the trial court's dismissal of their case. Therefore, Griffin and Boyd have not met the requirements of Rule 28(a)(10), Ala. R. Civ. P., with respect to this issue, and we will not consider it. See Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007).