BRYAN, Judge.
Benjamin Larkin, Jr., individually and d/b/a Larkin Fine Furniture (“Larkin”), appeals from the denial of a motion to set aside a default judgment entered in favor of Branch Banking and Trust Company (“BB & T”). We reverse and remand.
On July 15, 2011, BB & T sued Larkin, alleging claims of negligence, wantonness, unjust enrichment, breach of contract, money lent, money had and received, and misrepresentation. The record on appeal contains a signed return-on-service form indicating that Larkin was served with the summons and complaint on July 18, 2011. On August 24, 2011, BB & T filed a motion for an entry of default and a motion for a default judgment.
On August 26, 2011, Larkin, acting pro se, made his first appearance in the action by filing a motion to dismiss the complaint on the ground that the dispute is subject to arbitration. Although Larkin styled the motion both as a motion to dismiss and as an answer, it was, in substance, a motion to dismiss under Rule 12(b), Ala. R. Civ. P., for failure to state a claim upon which relief can be granted. Four days later, on August 30, 2011, the trial court entered a default judgment against Larkin, pursuant to Rule 55(b)(2), Ala. R. Civ. P., in the amount of $84,984.53. Although the de *240 fault judgment stated that a default against Larkin had previously been entered, see Rule 55(a), Ala. R. Civ. P., and discussion, infra, the record does not support that statement. On September 23, 2011, Larkin filed a motion to set aside the default judgment, pursuant to Rule 55(c), Ala. R. Civ. P. The motion to set aside the default judgment was denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P. Larkin, acting pro se, timely appealed to the supreme court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Larkin argues, among other things, that the trial court erred in entering a default judgment after Larkin had filed the motion to dismiss. Because we conclude that Larkin could not have been in default upon filing the motion to dismiss, we agree that the trial court erred in entering a default judgment.
Initially, “ ‘[w]e note that our policy favors the determination of cases on the merits, disfavoring default judgments.’ ” Progress Indus., Inc. v. Wilson, 52 So.3d 500, 506 (Ala.2010) (quoting Dial v. State, 374 So.2d 361, 362 (Ala.Civ.App.1979), citing in turn Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117, 1120 (Ala.1977) (overruled on other grounds by Ex parte Keith, 771 So.2d 1018 (Ala.1998))). Rule 55, Ala. R. Civ. P., provides the procedure for obtaining a default judgment. Rule 55 provides, in pertinent part:
“(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party’s default. The clerk’s entry of default may be made electronically.
“(b) Judgment. Judgment by default may be entered as follows:
“(1) By the Clerk. When the plaintiffs claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if the defendant is not a minor or incompetent person.
“(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered (A) against a minor, or (B) against an incompetent person, unless the minor or the incompetent person is represented in the action by a general guardian or other representative as provided in Rule 17(c)[, Ala. R. Civ. P.,] who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party’s representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application, provided, however, that judgment by default may be entered by the court on the day the case is set for trial without such three (3) days notice. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury pursuant to the provisions of Rule 38[, Ala. R. Civ. P.].”
*241 Thus, under Rule 55(a), a party is subject to an entry of default by the clerk if the party “has failed to plead or otherwise defend.” Upon the entry of default, the nondefaulting party may secure a default judgment under Rule 55(b)(1) or (2). In this case, BB & T moved for an entry of default on August 24, 2011. However, the record does not establish that the clerk entered a default before Larkin filed a motion to dismiss on August 26, 2011. Thus, the issue is whether Larkin, by filing the motion to dismiss before an entry of default, “otherwise defend[ed]” under Rule 55(a), thus precluding an entry of default and a default judgment. In other words, we must determine whether Larkin was subject to default after filing the motion to dismiss.
This court addressed such a situation in Corcoran v. Corcoran, 353 So.2d 805 (Ala.Civ.App.1978). In Corcoran, a wife sued her husband for a divorce. The husband filed a motion to dismiss, asserting insufficiency of service of process and lack of personal jurisdiction. The wife then filed a motion for a default judgment, which the trial court denied. The trial court concluded that it lacked personal jurisdiction, and the wife appealed. On appeal, the wife argued, among other things, that the trial court had erred by not entering a default judgment after the husband had entered a motion to dismiss. This court disagreed, stating that “[i]t is clear ... that the filing of the motion to dismiss, which challenged the jurisdiction of the court, would preclude the entry of a default before the disposition of the motion. See National Distillers Products Corporation v. Hindech, 10 F.R.D. 229 (D.C.Colo.1950)." 353 So.2d at 809. See also Barbee v. Barbee, 624 So.2d 645 (Ala.Civ.App.1993) (indicating that a motion challenging venue would prevent a defendant from being in default).
Federal Rules of Civil Procedure 55(a) and (b), which govern the entries of default and default judgment in federal courts, are similar to Alabama Rules 55(a) and (b). In particular, Federal Rule 55(a), like Alabama Rule 55(a), provides that the failure “to plead or otherwise defend” is a prerequisite for an entry of default by the clerk. Under the federal rules, the term “otherwise defend” includes
“the assertion of those defenses that, under Rule 12(b), [Fed.R.Civ.P.,] may be made by motion rather than in the pleadings. These defenses include challenges to subject matter or personal jurisdiction, venue, and sufficiency of process or service of process; motions to dismiss for failure to state a claim on which relief may be granted; and motions raising the issue of failure to join a party under Rule 19 [Fed.R.Civ.P.]. A party who interposes one of these defenses, even though the party has not served a responsive pleading, is not in default.”
10 J. Moore, Moore’s Federal Practice § 55.11[2][b][i] (3d ed.2012) (footnote omitted). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 2682 (“The words ‘otherwise defend’ refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading.”) (footnote omitted); and Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir.1949) (“The words ‘otherwise defend’ refer to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits.”).
In this case, before an entry of default, Larkin moved to dismiss on the ground that the dispute is subject to arbitration. Based on the foregoing authorities, we *242 conclude that Larkin “otherwise defended]” under Rule 55(a) by filing his motion, thus precluding an entry of default. Because Larkin was not subject to default and because no entry of default could have properly been entered, it follows that the trial court erred by entering a default judgment.
The trial court erred in entering the default judgment against Larkin. We reverse the judgment, and we remand the case for proceedings consistent with this opinion. Because we are reversing the judgment on the foregoing ground, we pre-termit discussion of the other arguments raised by Larkin on appeal.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.