PER CURIAM. '
In this appeal, transferred to this court pursuant to Ala. Code 1975, § 12-2-7(6), Alice Avant Wilson seeks the reversal of a default judgment entered against her by the Autauga Circuit Court in a civil action brought by her brothers, David Avant and Larry Avant (“the Avants”). In that action, the Avants sought to. compel Wilson' to execute documents conveying to them any interest ‘that she might have in a 6.54-acre parcel of real property in Autauga County that was part of a larger tract—a requirement, according "to the Avants, under a term in a 2013 settlement agreement among the parties. Counsel 'for Wilson' appeared in the action and expressly accepted service of the complaint on December 28, 2015, and, within the 30-day period allowed for answering the complaint, filed a motion asserting a preliminary defense of improper venue, see Rule 12(b)(3), Ala. R. Civ. P,, and. seeking transfer of the case to the Walker Circuit Court. After considering the motion, as well as the Avants’ subsequent response, the trial court denied Wilson’s motion on Monday, March 18, 2016, by entering an. order electronically.[1]
*1224 Under Rule 12(a), Ala. R. Civ. P., if a motion raising a preliminary defense permitted under Rule 12(b), Ala. R. Civ. P., is denied by the trial court, the movant’s responsive pleading “shall be served within ten (10) days after notice of the court’s action.” Rule 12(a)(1). Rule 6(a), Ala. R. Civ. P., provides that computation of periods of time prescribed by the Alabama Rules of Civil Procedure that measure less than 11 days is to exclude “intermediate Saturdays, Sundays, and legal holidays” and that computation of periods of any length prescribed in the rules is to exclude the day of the act from which such periods of time begin to run. It thus appears that the final day on which Wilson could timely have served an answer was Friday, April 1, 2016.
On Monday, April 4, 2016, the Avants filed a motion asserting that Wilson was in default and seeking the entry of a judgment in their favor based upon that claimed default. On Tuesday, April 5, 2016, the trial court indicated that it would not consider the Avants’ motion without their resubmitting it along with a proposed order granting the relief requested, and the Avants refiled their motion on that same day.[2] Two days later, on Thursday, April 7, 2016, Wilson filed and served an answer to the complaint in which she denied many of the material allegations stated in the complaint and asserted a number of claimed affirmative defenses, including that declaratory relief was inappropriate and that the documents upon which the Avants’ claim relied actually evidenced that Wilson owned an undivided one-third interest in the disputed property.
Despite the filing of that answer, however, the trial court, on Sunday, April 10, 2016, granted the Avants’ motion and entered a default judgment against Wilson without any entry of default as to Wilson having been made by that court or by its clerk pursuant to Rule 55(a), Ala. R. Civ. P.; in that judgment, the trial court ruled that the relief sought by the Avants was due to be granted and directed the trial-court clerk to execute deeds divesting Wilson of any interest she might have in the disputed property. Wilson thereafter filed two separate timely postjudgment motions, one pursuant to Rule 55(c), Ala. R. Civ. P., to set aside the default judgment and one pursuant to Rule 59(e), Ala. R. .Civ. P., seeking vacation of that judgment; among the arguments asserted in the former motion were that a pretrial default cannot properly be entered after a defendant has appeared and filed a responsive pleading and that the default judgment was due to be set aside because of the existence of meritorious defenses and the absence of prejudice to the Avants. The trial court denied the postjudgment motions, and Wilson timely appealed.
On appeal, Wilson reiterates the two principal arguments she presented in her motion to set aside the default judgment. We find persuasive (and dispositive) her contention that her filing of an answer on April 7, 2016, before the trial court ruled on the Avants’ resubmitted motion seeking a default judgment, prevented the trial court, under Alabama law, from concluding that Wilson was in default at the time that it ruled on that motion so as to permit the entry of a default judgment. In *1225 support of that argument, Wilson relies primarily upon TA Financial, Inc. v. Discover Bank, 967 So.2d 90 (Ala. 2007), in which a plaintiff filed a motion for the entry of a default judgment relying upon the defendant’s failure to respond to the plaintiffs complaint and indicating that the motion would be heard by the trial court eight calendar days later, but counsel for the defendant filed an answer one day before that scheduled hearing date. On appeal, the defendant in TA asserted that the defect complained of in the motion for a default judgment had been rectified before the trial court acted to enter a judgment based upon that default; our supreme court noted that the record in that case did reflect that the defendant’s responsive pleading had been filed before the hearing on the plaintiffs motion; held that, “[cjonsequently, as [the plaintiff] concedes in correspondence to [our supreme court], ‘the filing of that answer cured the default before any default judgment was entered’”; and opined that, “‘[tjhus, the default judgment should not have been entered.’ ” 967 So.2d at 91 (emphasis added).
In response to Wilson’s argument as to that issue, the Avants seek to distinguish or negate the precedential value of both TA and another case cited by Wilson that was decided by this court and that applied the holding in TA, i.e., Winford v. Winford, 139 So.3d 179 (Ala. Civ. App. 2013). Neither basis asserted by the Avants, however, is persuasive.
To the extent that the Avants contend that the decision in TA owes more to the plaintiffs concession on appeal in that case than to any legal conclusion that the defendant’s answer in that case cured the default such that the default judgment should not have been entered, we simply note the court’s use of the operative term “[cjonsequently,” thereby indicating that the holding of the court was that the filing of the tardy answer before the hearing on the motion for a default judgment was what had cured the underlying default, not that any appellate concession mandated reversal. Accord Winford, 139 So.3d at 183 (“There is no dispute in this case that the [responding party] filed her answer prior to the default hearing.” “Therefore, we reverse the default judgment of the trial court and remand this matter for further proceedings.” (emphasis added)).
Secondly, to the extent that the Avants contend that neither TA nor Winford discusses whether the answers that were filed in those cases would have amounted to a sufficient showing under Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988), to have warranted the setting aside, pursuant to Rule 55(c), Ala. R. Civ. P., of a default judgment entered before the filing of the pertinent answer, we perceive no intent on the part of either opinion to make that inquiry germane in the context of a default judgment that is entered only after the claimed default has been rectified. At the very least, both TA and Winford indicate the dubious propriety of a trial court’s entry of a default judgment in the face of a nonmov-ant’s interposition of a responsive pleading after a motion for a default judgment has been filed, and our supreme court has “ ‘repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment.’ ” Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 898 (Ala. 2005) (quoting Kirtland, 524 So.2d at 604).
Based upon the foregoing facts and authorities, we conclude that the trial court erred in entering a default judgment in favor of the Avants under the circumstances presented. We therefore reverse that judgment, and we remand the cause *1226 for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.

. We note that, for all that appears in the record, Wilson has not'sought review of the trial court's order regarding venue via a petition for a writ of mandamus filed pursuant to *1224 the provisions of Rule 21, Ala. R. App. P., nor by raising the issue in her brief on appeal from the subsequently entered default judgment as would have been permitted under Ala. Code 1975, § 6-8-101(3). We thus do not reach the venue issue here.

. See generally Griffin v. Blackwell, 57 So.3d 161, 163-64 (Ala. Civ. App. 2010), regarding the procedural prerequisites for the entry of a judgment by default, which include the entry of default by the clerk of the trial court or, alternately, by the trial court itself.