PER CURIAM.
Doris Coke, the defendant in a collection action brought by Family Security Credit Union ("FSCU") in the Jefferson Circuit Court, appeals from a default judgment entered by that court in favor of FSCU. Because Coke was not in default at the time that the trial court entered that judgment, we reverse the judgment and remand the cause for further proceedings.
In April 2015, FSCU sued Coke, alleging that she had breached a September 2012 agreement to repay a principal loan amount of $12,488 plus other sums, the repayment of which had been secured by a security interest in a 2005 Cadillac automobile; the complaint sought possession of the automobile and a money judgment for the unpaid sums under the contract. The summons accompanying the complaint listed Coke's address in Birmingham as "305 Ct. W" (i.e., 305 Court West). Within 30 days of service of the summons and complaint, Coke filed a motion seeking, in effect, a more definite statement of FSCU's claim (see generally Rule 12(e), Ala. R. Civ. P.) and averring that she had paid more moneys under the contract than had been required. On June 29, 2015, the trial court set Coke's motion for a July 8, 2015, hearing; on the date of that hearing, at which Coke was not present, the trial court entered an order denying Coke's Rule 12(e) motion and allowing her 30 days to answer the complaint. However, in response to Coke's subsequent motion to set aside that order (in which she noted that her actual address was 305 9th Court West and that she had not received notice of the hearing on her motion for a more definite statement), the trial court entered two orders on August 6, 2015. One of those orders "vacated and set aside" the trial court's July 8, 2015, order and directed that Coke's address be changed in the docketing system; the other indicated the trial judge's recusal from hearing the case and requested reassignment thereof.
*261 In October 2015, FSCU filed a motion in which it "request[ed] a hearing based on the prior motion of the defendant," evidently seeking a determination whether a newly assigned judge would or would not grant Coke's motion for a more definite statement. In June 2016, FSCU again moved for the setting of a hearing in the case. The trial court, acting through a newly assigned judge, entered an order on April 17, 2017, requesting an update on the status of the case, advising that it would be dismissed within 14 days if no response was received. FSCU immediately complied on April 18, 2017, again requesting a hearing "based on[ ] the prior motion of the defendant." Despite the pendency of the Rule 12(e) motion, on April 19, 2017, the trial court set a "Default Judgment Hearing" for May 9, 2017. On May 10, 2017, the day after that hearing, the trial court entered a default judgment noting that Coke had failed to appear at the "Default Judgment Hearing," awarding FSCU possession of the automobile at issue, and permitting FSCU to apply any proceeds derived from the subsequent disposition of the automobile to Coke's alleged indebtedness (which the trial court calculated to be $8,568.97, including attorney fees). Coke timely filed a postjudgment motion directed to the trial court's judgment, which was denied; she also sought to file other papers prepared by her son, Edward Coke, but those papers were ordered to be struck on motion of FSCU. Coke then timely appealed from the default judgment to this court.
"One primary principle of the Alabama Rules of Civil Procedure is that the parties to an action should be afforded a prompt and fair trial upon the merits. Inherent in this principle is that default judgments are not favored, and, while the trial court has discretion to grant such judgments, the exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment."
Hutchinson v. Hutchinson, 647 So.2d 786, 788 (Ala. Civ. App. 1994) (citations omitted).
Rule 55, Ala. R. Civ. P., sets forth the procedure that must be followed in order for a default judgment to be appropriate. As this court noted in Griffin v. Blackwell, 57 So.3d 161 (Ala. Civ. App. 2010) :
" 'The first step is the entry of a default. When a party against whom affirmative relief is sought fails to plead or otherwise defend the action and that fact is made to appear by affidavit or otherwise, the clerk enters a default. [ Rule] 55(a). A judgment by default may then be entered.'
".... Thus, a party must first obtain an entry of default by the clerk or the trial court before he or she can obtain a default judgment from the trial court."
57 So.3d at 163-64 (quoting J & P Constr. Co. v. Valta Constr. Co., 452 So. 2d 857, 859 (Ala. 1984) ) (emphasis added). The record in this case does not reflect that the trial court or the clerk of the trial court was asked by FSCU to enter a default as to Coke; indeed, FSCU's filings indicate a recognition that the preliminary matter of Coke's motion for a more definite statement was due to be adjudicated before the case could move forward.
In Larkin v. Branch Banking & Trust Co., 101 So.3d 239 (Ala. Civ. App. 2012), this court considered a similar issue to that presented in this case. In that case, a plaintiff moved for the entry of the defendant's default and for the entry of a default judgment, after which the defendant filed a motion, pursuant to Rule 12(b)(6), Ala. R. Civ. P., seeking dismissal on the basis that the plaintiff had failed to state a valid claim. Four days later, the trial court *262 entered a default judgment notwithstanding the defendant's having interposed his motion to dismiss. In reversing the judgment on the basis that the defendant had "otherwise defended" against the claim, we cited caselaw and secondary authority interpreting the federal procedural rule analogous to our Rule 55 for the proposition that a defendant's challenges to " 'the sufficiency of the prior pleading' " or motions " 'for better particulars' " would constitute efforts to "otherwise defend" against a plaintiff's complaint in the absence of an answer. 101 So.3d at 241 (quoting 10A Charles A. Wright et al., Federal Practice and Procedure: Civil § 2682 (3d ed.), and Bass v. Hoagland, 172 F.2d 205, 210 (5th Cir. 1949) ).
In this case, we conclude that the trial court erred by, sua sponte, determining Coke to be in default and entering a default judgment against her despite the pendency of her motion seeking a more definite statement of FSCU's claim against her. We therefore reverse that judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the judges concur.