DONALDSON, Judge.
Charity M. (Wallace) Justice ("the mother") appeals from a default judgment entered in favor of Timothy A. Wallace ("the father") by the Winston Circuit Court ("the trial court"). The record shows that no entry of default was made against the mother and that the mother filed a responsive pleading several weeks before the default judgment was entered. Therefore, we reverse the judgment.
In August 2013, the mother and the father were divorced by a judgment of the trial court that, among other things, granted the parties joint custody of the parties' child, A.G.W. ("the child"). On March 23, 2017, the father filed a petition in the trial court seeking a modification of child custody and a finding of contempt against the mother.
The record shows that the mother was served by certified mail with a copy of the father's modification petition on May 11, 2017. The mother's response was due within 30 days of service, or by June 12, 2017.[1]
*652 According to the record, the mother filed an answer denying the allegations in the father's petition at 1:09 p.m. on June 19, 2017. Thereafter, at 2:06 p.m., the mother filed a "motion to set aside default." We find no indication in the record, however, that a default had been entered against the mother under Rule 55(a), Ala. R. Civ. P., at the time she filed her responsive pleading and motion.
According to the record, the next document filed was the father's "Motion for Default Judgment on Petition for Modification of Child Custody." That motion has an electronic-filing stamp that indicates that it was filed at 2:31 p.m. on June 19, 2017, after the mother's responsive pleading was filed. We note that the certificate of service attached to that motion indicates that the motion was mailed by the father's attorney to the mother on June 19, 2017.[2]
On June 28, 2017, the trial court entered the following order: "This matter is hereby set for a final hearing on the merits on the 10th day of August, 2017 at 9:00 a.m. ...."
Although there is no transcript in the record of any proceedings that occurred on August 14, 2017, the mother asserts in her brief that the parties appeared before the trial court on that date and that the father's motion for a default judgment was granted by the trial court. The record shows that on August 14, 2017, the trial court entered a "DEFAULT JUDGMENT ON MODIFICATION OF CHILD CUSTODY," which provided, among other things:
"This cause coming on to be heard at this term, was submitted upon Petition for Modification of Child Custody and Motion for Contempt, and Motion for Default Judgment, based upon [mother's] failure to answer or otherwise defend under time limits set out in [the] Alabama [Rules of] Civil Procedure, and upon consideration thereof, the Court is of opinion and finds that the Court has jurisdiction of the parties and of the cause of action, and that the [father] is entitled to the relief prayed for in said Complaint; it is, therefore,
"ORDERED, ADJUDGED AND DECREED BY THE COURT:
"FIRST: That the [father] herein is awarded the full permanent care, custody and control of the parties' minor child namely, A.G.W., whose date of birth is April 11, 2011. The [mother] shall exercise standard visitation with the minor child as set out in the schedule herein.
"....
"FIFTH: That the [mother] has violated the original divorce decree, she shall be ordered to reimburse to said [father] his Attorney Fees in the amount of Seven Hundred Fifty and 00/100 Dollars ($750.00) and the court costs of this action and default as paid by [the father] in the amount of Three Hundred Fifty and 00/100 Dollars ($350.00), for a total of One thousand one hundred ($1,100.00) dollars."
(Capitalization in original.)
On August 16, 2017, the mother, through counsel, filed a motion pursuant to Rule 55(c), Ala. R. Civ. P., seeking to set aside the default judgment in which counsel asserted, among other things, that she had been ill and had inadvertently failed to file the mother's answer. The father filed a response in opposition in which he asserted, among other things, that the mother's failure to file a timely answer was "willful." The mother's motion was denied by operation *653 of law on November 14, 2017. See Rule 59.1, Ala. R. Civ. P. On December 27, 2017, the mother filed a notice of appeal to this court.[3]
On appeal, the mother argues that the trial court erroneously entered a default judgment after she had filed an answer and, alternatively, that the trial court erred in refusing to set aside the default judgment. The father did not file an appellate brief. It is well settled that
" Rule 55, Ala. R. Civ. P., provides the procedure that a party must follow in order to obtain a default judgment.
" 'The first step is the entry of a default. When a party against whom affirmative relief is sought fails to plead or otherwise defend the action and that fact is made to appear by affidavit or otherwise, the clerk enters a default. [ Rule] 55(a). A judgment by default may then be entered.'
" J & P Constr. Co. v. Valta Constr. Co., 452 So.2d 857, 859 (Ala. 1984)."
Griffin v. Blackwell, 57 So.3d 161, 163 (Ala. Civ. App. 2010). "[A] party must first obtain an entry of default by the clerk or the trial court before he or she can obtain a default judgment from the trial court." Griffin, 57 So.3d at 163 (citing Graham v. University Credit Union, 411 So.2d 144, 148 (Ala. Civ. App. 1982), overruled on other grounds by Ex parte Keith, 771 So.2d 1018 (Ala. 1998) ).
The record does not contain evidence demonstrating that the father had applied to the clerk or the trial court for an entry of default pursuant to Rule 55(a) before filing his motion for a default judgment or before the trial court entered its default judgment. The mother had not been determined to be in default at the time she filed her responsive pleading 39 days after she was served with the summons and complaint, and, therefore, the default judgment could not properly be entered on August 14, 2017, because the mother had filed a responsive pleading on June 19, 2017. See TA Fin. Inc. v. Discover Bank, 967 So.2d 90, 91 (Ala. 2007) (holding that a defendant's filing of an answer before a hearing was held on a default-judgment motion " 'cured' " the default and, thus, that the entry of a default judgment was improper); Winford v. Winford, 139 So.3d 179, 183 (Ala. Civ. App. 2013) (reversing a default judgment because the defendant-mother in that case had filed an answer before a hearing on the plaintiff-father's motion for a default judgment); and Wilson v. Avant, 227 So.3d 1223, 1225 (Ala. Civ. App. 2017) (reversing a default judgment that was entered after the defendant in that case had filed an answer).
Accordingly, the judgment is reversed. We pretermit discussion of whether the trial court exceeded its discretion in refusing to set aside the default judgment based on the factors set forth in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala. 1988).
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

The mother's answer was due within 30 days of service under Rule 12(a), Ala. R. Civ. P. The 30th day was Saturday, June 10, 2017, and, therefore, the mother's answer was due Monday, June 12. See Rule 6(a), Ala. R. Civ. P.

The case-action summary contains a notation, dated June 15, 2017, regarding an item described as a "default judgment." There is no document in the record matching that description that corresponds to that date.

Although the mother's notice of appeal would have been due on December 26, 2017, documentation in the record demonstrates that the Winston County Courthouse was closed on that date. Therefore, the mother's notice of appeal was timely filed on December 27, 2017. See Rule 4(a)(3), Ala. R. App. P.; Rule 6(a), Ala. R. Civ. P.